STATE OF LOUISIANA      *      NO. 2019-KA-0292

VERSUS      *

BRANDON R. LAURANT      *      COURT OF APPEAL

     FOURTH CIRCUIT

     *      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 530-169, SECTION "K"
Honorable Arthur Hunter, Judge
* * * * * *
**Chief Judge James F. McKay III**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Paula A. Brown,
Judge Dale N. Atkins)

**ON REMAND FROM THE LOUISIANA SUPREME COURT**

LEON CANNIZZARO, JR.
DISTRICT ATTORNEY
ORLEANS PARISH
DONNA ANDRIEU
ASSISTANT DISTRICT ATTORNEY
CHIEF OF APPEALS
IRENA ZAJICKOVA
ASSISTANT DISTRICT ATTORNEY
619 S. White Street
New Orleans, Louisiana 70119
     COUNSEL FOR STATE/APPELLEE


SHERRY WATTERS
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, Louisiana 70158
     COUNSEL FOR DEFENDANT/APPELLANT


**CONVICTION AND SENTENCE VACATED IN PART; REMANDED**


**July 1, 2020**

**JFM**
**PAB**
**DNA**
This matter is on remand from the Louisiana Supreme Court pursuant to *Ramos v Louisiana*, ___ U.S. ___, 140 S.Ct. 1390, ___ L.Ed.2d ___ (2020), (holding that jury verdicts in state felony cases must be unanimous). For the reasons set forth below, defendant's conviction and sentence is vacated in part, and remanded for further proceedings.

## DISCUSSION

In the trial court, the jury unanimously found defendant guilty as charged on possessing a firearm as a convicted felon. However, the guilty verdict for attempted manslaughter was non- unanimous.[1]

On appeal, defendant asserted two assignments of error: 1) the non-unanimous jury verdict was unconstitutional; and 2) the sentences were excessive. This Court affirmed defendant's convictions and sentences for illegal possession of a firearm by a convicted felon and attempted manslaughter. *See State v. Laurant*, 2019-0292 (La. App. 4 Cir. 7/31/19), ___ So.3d ___, 2019 WL 3470924. Defendant sought review by the Louisiana Supreme Court.

---

[1] The record reflects that when asked if the verdict for attempted manslaughter was unanimous or if at least ten jurors agreed, the foreperson stated that at least ten jurors agreed.

1

While defendant's writ application was pending before the Louisiana Supreme Court, the United States Supreme Court issued its ruling in *Ramos*. Because defendant's case was pending on direct review when *Ramos* was decided, the Supreme Court's decision in *Ramos* applies here. *See Schriro v Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review").

**DECREE**

For the foregoing reasons, we vacate defendant's conviction and sentence on the non-unanimous attempted manslaughter verdict and remand for a new trial. Defendant's conviction by a unanimous jury verdict for illegal possession of a firearm by a convicted felon and respective sentence shall not be disturbed.

**CONVICTION AND SENTENCE VACATED IN PART; REMANDED**